UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JESUS PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 08 C 71 |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, and | ) | JUDGE MANNING |
| CHICAGO POLICE OFFICER | ) | MAGISTRATE JUDGE SCHENKIER |
| J. M. DELISLE, Star No. 16849, and | ) | |
| CHICAGO POLICE OFFICER | ) | |
| P. F. ROONEY, Star No. 15900, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Chicago Police Officers James Delisle and Patrick Rooney (referred to herein as Defendant Police Officers), by their attorney Sanjay H. Patel, Assistant Corporation Counsel of the City of Chicago, file this answer, affirmative defenses and jury demand to Plaintiff's complaint:

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

**ANSWER:** Defendant Police Officers admit that jurisdiction is proper, but deny engaging in any wrongful conduct.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

**ANSWER:** Defendant Police Officers admit that jurisdiction is proper, but deny engaging in any wrongful conduct.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:** Defendant Police Officers admit that venue is proper, but deny engaging in any wrongful conduct.

## PARTIES

4. At all times relevant hereto, Plaintiff Jesus Perez was a 50 year-old male resident of Gary, Indiana.

**ANSWER:** Upon information and belief, Defendant Police Officers admit the allegations contained in paragraph 4.

5. At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

**ANSWER:** Defendant Police Officers admit that at all times material to plaintiff's complaint, they were employed by Defendant City of Chicago as Police Officers, and acting under color of law and in the scope of their employment as Chicago Police Officers. Defendant Police Officers deny the wrongful allegations made in support of plaintiff's claims in this matter.

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:** Defendant Police Officers admit the allegation contained in paragraph 6.

## FACTUAL ALLEGATIONS

7. On or about January 4, 2007, Plaintiff was preparing to drive back to his residence in Gary, Indiana.

**ANSWER:** Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. At all times relevant hereto, plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 8.

9. Defendant Officers then proceeded to unconstitutionally, without a warrant and

without probable cause to believe plaintiff had or was committing a crime, search Plaintiff.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 9.

10. Following the unconstitutional search, Plaintiff was handcuffed, arrested, and taken to the 2nd District Police Station where he was falsely charged with Possession of a Controlled Substance in violation of 720 ILCS 570.0/402-C.

**ANSWER:** Defendant Officers admit plaintiff was handcuffed, arrested and taken to the 2nd District Police Station lock-up after being processed for the crime of possession of a controlled substance. Defendant Officers deny the remaining allegations contained in paragraph 10.

11. On January 24, 2007, this false charge against Plaintiff was dismissed for a finding of no probable cause.

**ANSWER:** Defendant Officers admit that on January 24, 2007, the charge of possession of a controlled substance against plaintiff was dismissed for a finding of no probable cause. Defendant Officers deny the remaining allegation contained in paragraph 11.

### Count I - 42 U.S.C. § 1983 False Arrest

12. Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

**ANSWER:** Defendant Officers reassert their answers to paragraphs 1 through 11 as if fully set forth herein.

13. On January 4, 2007, Plaintiff was seized and arrested without a warrant and without probable cause. This seizure and arrest were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:** Defendant Police Officers admit plaintiff was arrested without a warrant on January 4, 2007. Defendant Police Officers deny the remaining allegations contained in paragraph 13.

14. Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:** Defendant Police Officers admit that plaintiff was arrested by Defendant Police

Officers in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment. Defendant Officers further admit that a custodial search of plaintiff was performed after his lawful arrest. Defendant Police Officers deny the remaining allegations contained in paragraph 14.

15. The misconduct described in this Count was undertaken in pursuant to the policy and practice of the Chicago Police Department in that:

- a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

- b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

- c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

- d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

- e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

   f.  As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

   g.  As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained", and,

   h.  The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

  **ANSWER:** As paragraph 15 (a-h) is not directed at Defendant Police Officers, they make no answer to it. Defendant Police Officers deny the wrongful allegations made in support of plaintiff's claims in this matter.

  16. The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

  **ANSWER:** Defendant Police Officers deny the allegations contained in paragraph 16

### Count II – 42 U.S.C. §1983 Unlawful Search

  17. Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

  **ANSWER:** Defendant Officers reassert their answers to paragraphs 1 through 11 as if fully set forth herein.

  18. Defendant Officers searched plaintiff's person without a search warrant and without probable cause to believe plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

  **ANSWER:** Defendant Officers admit a custodial search of plaintiff was performed after he

was lawfully arrested. Defendant Officers deny the remaining allegations contained in paragraph 18.

    19.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b.    As a matter of both policy and practice, the Chicago Police Department facilitates type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d.    Municipal policy-makers are aware of, and condone and facilitate by their inactions, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career.

    g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number

       of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained", and,

    h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** As paragraph 19 (a-h) is not directed at Defendant Police Officers, they make no answer to it. Defendant Police Officers deny the wrongful allegations made in support of plaintiff's claims in this matter.

20. The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 20.

### Count III – False Imprisonment

21. Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

**ANSWER:** Defendant Police Officers restate their answers to paragraphs 1-11 as if fully set forth herein.

22. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:** Defendant Police Officers admit that jurisdiction is proper but deny engaging in any wrongful conduct.

23. On January 4, 2007, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:** Defendant Police Officers admit plaintiff was arrested without an arrest warrant on January 4, 2007. Defendant Police Officers deny the remaining allegations contained in paragraph 23.

24. Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully

searched Plaintiff without any legal right to do so.

**ANSWER:** Defendant Police Officers admit plaintiff was arrested and searched pursuant to his lawful arrest. Defendant Police Officers deny the remaining allegations contained in paragraph 26.

25. The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:** Defendant Police Officers deny the allegations in paragraph 25.

### Count IV – Malicious Prosecution

26. Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

**ANSWER:** Defendant Police Officers restate their answers to paragraphs 1-11 as if fully set forth herein.

27. Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge at the preliminary hearing. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled Substance.

**ANSWER:** Defendant Officers admit plaintiff was charged with possession of a controlled substance. Defendant Officers deny the remaining allegations contained in paragraph 27.

28. Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 28.

29. Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 29.

30. On January 24, 2007 Plaintiff's case was dismissed.

**ANSWER:** Defendant Officers admit the allegations contained in paragraph 30.

31. As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-

of-pocket costs and other damages which will be proven at trial.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 31.

### Count V – Intentional Infliction of Emotional Distress

32. Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

**ANSWER:** Defendant Police Officers restate their answers to paragraphs 1-11 as if fully set forth herein.

33. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States code § 1367.

**ANSWER:** Defendant Police Officers admit that jurisdiction is proper but deny engaging in any wrongful conduct.

34. Defendant Officers' illegal arrest and unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

**ANSWER:** Defendant Police Officers admit plaintiff was arrested. Defendant Police Officers deny the remaining allegations contained in paragraph 34.

35. Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER:** Defendant Police Officers deny the allegations in paragraph 35.

36. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:** Defendant Police Officers deny the allegations in paragraph 36.

### Count VI – State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

37. Plaintiff re-alleges paragraphs 1 through 11 as if fully re-pleaded herein.

**ANSWER:** Defendant Police Officers restate their answers to paragraphs 1-11 as if fully

set forth herein.

38.     Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:**   As paragraph 38 is not directed toward Defendant Police Officers, they make no answer to it.

39.     At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

**ANSWER:**   As paragraph 56 is not directed toward Defendant Police Officers, they make no answer to it. Defendant Police Officers deny any wrongful allegations made in support of plaintiff's claims in this matter.

WHEREFORE, Defendant Police Officers Delisle and Rooney respectfully request that judgment be entered in their favor on all count and against plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## AFFIRMATIVE DEFENSES

1.    As to all Federal claims, at all times alleged in plaintiff's complaint, a reasonable Police Officer, objectively viewing facts and circumstances then confronting Chicago Police Officers James Delisle and Patrick Rooney during the incident which allegedly provides the basis for the present case, could have reasonably believed the actions taken by them were objectively reasonable and were within Constitutional limits that were clearly established at the time. Chicago Police Officers James Delisle and Patrick Rooney are, therefore, entitled to qualified immunity.

2.    As to all State law claims, under the Illinois Tort Immunity Act, Chicago Police Officers James Delisle and Patrick Rooney are not liable for injury allegedly caused by the instituting or

prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208 (2002).

3. As to all State law claims, under the Illinois Tort Immunity Act, Chicago Police Officers James Delisle and Patrick Rooney are not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (2002).

4. Where Chicago Police Officers James Delisle and Patrick Rooney may be liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the willful and wanton and intentional conduct of Plaintiff's which were the proximate cause of these injuries.

5. Probable cause is an absolute defense to a Section 1983 false arrest claim and a state law claim of malicious prosecution.

6. As to all State law claims, under the Illinois Tort Immunity Act, Chicago Police Officers James Delisle and Patrick Rooney are not liable for any of the claims alleged because the decision to detain, question and arrest Plaintiff, based upon the information and circumstances known to Defendants at the time, was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201 (2002).

7. Under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because a public employee, as such, and acting within the scope of his employment is not liable for any injury caused by the act of omission of another person. 745 ILCS 10/2-204 (2002).

8. At the time of the actions alleged in Plaintiff's complaint, 735 ILCS 5/2-1116 (1992) was in effect and reduces Plaintiff's recovery according to his contributory negligence and bars his recovery entirely when the Plaintiff is more than fifty percent (50%) of the proximate cause of the

injury or damage for which recovery is sought.

9.     To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## JURY DEMAND

Defendants respectfully request a trial by jury.

Respectfully submitted,
*s/ SanjayPatel*
SANJAY H. PATEL
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-3902
(312) 744-6566 (FAX)
ATTY. NO. 06272840